UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YEVONNE BUCKNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0458-B |
| | § | |
| ROMULUS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Romulus, Inc.'s motion to transfer venue. Doc. 7. For the reasons that follow, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This is a personal-injury case. In August 2016, Plaintiff Yevonne Buckner allegedly slipped and fell in an IHOP restaurant in San Angelo, Texas. Doc. 1, Compl., ¶ 5. In February 2018, she brought this negligence and premises-liability suit in the Court's Dallas Division. *Id.* ¶¶ 18–32. Romulus, the entity that runs the San Angelo IHOP, seeks to transfer this case to the San Angelo Division because (1) the IHOP is in San Angelo; (2) the fall allegedly happened in San Angelo; and (3) Buckner and those who witnessed her fall reside in San Angelo. Doc. 7, Mot. to Transfer, 1–3. Buckner opposes the motion, *id.* at 4, but has not responded to Romulus's motion, which is now ripe for consideration.

---

[1]This factual history is drawn from the parties' pleadings and the parties' briefing on the present motion to transfer. Any disputed fact is noted as the contention of a particular party.

-1-

## II.

## LEGAL STANDARDS

A district court may transfer a civil action to another district or division if (1) the plaintiff could have brought that action there originally and (2) the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The movant bears the burden of proving both elements. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, No. 3:07-CV-1291-B, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007).

A plaintiff could have brought an action in a district or division initially if, at the time he filed the action, (i) either he or defendant resided in that district or division and (ii) both resided within the state. 28 U.S.C. § 1391(b)(1).

To demonstrate that transfer would be for "the convenience of parties and witnesses, and in the interest of justice" under 28 U.S.C. § 1404(a), a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315. To determine whether a movant has shown good cause, courts examine a number of private and public factors. *Id*. "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* No one factor is dispositive, although the

most significant factor is the cost of attendance to witnesses. *Davis v. City of Fort Worth*, No. 3:14-CV-1698-D, 2014 WL 2915881, at *3 (N.D. Tex. June 25, 2014). In total, however, the balance of these factors must clearly weigh in favor of transferring to the new venue. *In re Volkswagen of Am.*, 545 F.3d at 315. "[If] the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, No. 3:07-CV-1689-O, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *see also In re Volkswagen*, 545 F.3d at 315.

Public and private factors aside, a court must also independently consider how much weight to assign a plaintiff's choice of forum. *Davis*, 2014 WL 2915881, at *2. That amount changes depending on whether a plaintiff has filed suit within h[is] home forum or outside of it. "A plaintiff's choice is normally entitled to deference, but when she files suit outside her home forum, the weight accorded to the choice is diminished." *Id.* at *2.

### III.

### ANALYSIS

As an initial matter, the Court agrees with Romulus that venue would have been proper in San Angelo under 28 U.S.C. § 1391(b)(1) had Buckner originally brought her claims there because she lived in the San Angelo Division when she filed suit. And the Court gives little weight to Buckner's choice to file suit in the Dallas Division because everything relevant to this case is in San Angelo, including Buckner. Indeed, "when [the plaintiff] files suit outside her home forum, the weight accorded to the choice is diminished." *Davis*, 2014 WL 2915881, at *2.

The private and public factors weigh in favor of transferring. The private factors warrant transfer because Buckner, the IHOP, the sources of proof, and witnesses are in San Angelo. And the public factors are either not applicable or weigh in favor of transferring; nothing suggests that the

court in San Angelo is overly congested, transferring the case would affect the controlling law or raise a conflict-of-law issue, or that the Dallas Division is more familiar with the applicable laws than the San Angelo Division. And to the extent there is a local interest in having localized interests decided at home, transferring this case would achieve that interest because the restaurant is located in San Angelo, as are Buckner and the witnesses.

## IV.

## CONCLUSION

The Court **GRANTS** Romulus's motion to transfer venue. Doc. 7.

**SO ORDERED.**

**SIGNED: June 1, 2018**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE